IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00231-PAB-TPO

FRANKIERHEA CHILES,

    Plaintiff,

v.

TAYLOR LEMUZ, in his individual capacity,
MICHAEL ROBINSON, in his individual capacity, and
BRAD NESTEL, in his individual capacity,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on plaintiff's Objection, in Part, to Magistrate Judge's Order [Docket No. 77]. The objection relates to a discovery dispute between plaintiff and non-party Colorado Department of Human Services (the "CDHS"). *See generally* Docket No. 77. CDHS filed a response. Docket No. 83. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**

This case arises out an incident that occurred at the Mount View Youth Services Center ("Mount View") in Jefferson County, Colorado. Docket No. 1 at 1, ¶ 1. Mount View is a facility within Colorado's Division of Youth Services that provides treatment and educational programming to incarcerated juveniles. *Id.* at 3, ¶ 12. Plaintiff was confined at Mount View at the time of the incident in January 2022. *Id.* Plaintiff alleges that, during the incident, defendant Michael Robinson used excessive force against him,

defendant Brad Nestel failed to intervene, and defendant Taylor Lemuz, as director of the facility, failed to properly supervise the other defendants. *Id.* at 1-2, ¶¶ 1-3.

There is a county-run hotline that people can call to report suspected abuse of a juvenile. Docket No. 80 at 16:20-17:1. After the alleged use of excessive force against plaintiff took place, the county-run hotline received reports regarding the incident. Docket No. 77 at 1-2. As part of the discovery process, plaintiff served CDHS with a subpoena duces tecum, requesting a variety of information about the defendants, other CDHS employees, and CDHS policies. Docket No. 33-1. CDHS produced some documents in response to the subpoena, including redacted copies of reports made to the county hotline (the "hotline reports"). Docket No. 75 at 1-2. Plaintiff seeks unredacted copies of these reports. Docket No. 77 at 1-3.

The assigned magistrate judge held a discovery hearing at which, over the course of several hours, he heard arguments about various discovery issues, including the request for the unredacted hotline records. Docket No. 76. After hearing arguments from plaintiff, CDHS, and the defendants, the magistrate judge issued his ruling orally. *Id.* at 2. The minutes from the hearing reflect that the magistrate judge found that privacy and public policy interests weighed in favor of redacting any identifying information about the reporting parties. *Id.* at 3. The magistrate judge explained his belief that, even without the unredacted copies, plaintiff would be able to identify the reporting parties over the course of the discovery process. *Id.* The magistrate judge also noted that, if plaintiff was, after discovery, still unable to identify the reporting parties, plaintiff could re-raise the issue. Docket No. 80 at 106:17-107:10. Plaintiff now

objects to the magistrate judge's ruling regarding the redactions of the hotline reports. Docket No. 77.

## II. LEGAL STANDARD

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).

Discovery disputes are non-dispositive matters. *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Therefore, the Court will review the magistrate judge's order under the clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## III. ANALYSIS

Plaintiff offers three arguments as to why the magistrate judge's ruling was either clearly erroneous or contrary to law. Docket No. 77 at 3-4. All three of plaintiff's

arguments reference Colorado Revised Statute § 19-1-307, which states, in relevant part, that:

> (1)(a) Identifying information--confidential. Except as otherwise provided in this section and section 19-1-303, reports of child abuse or neglect and the name and address of any child, family, or informant or any other identifying information contained in such reports shall be confidential and shall not be public information.
>
> (b) Good cause exception. Disclosure of the name and address of the child and family and other identifying information involved in such reports shall be permitted only when authorized by a court for good cause.

Colo. Rev. Stat. § 19-1-307(1)(a)-(b).

Plaintiff's first argument is that a provision of state law such as the one codified in Colo. Rev. Stat. § 19-1-307 should be inapplicable in a federal case. Docket No. 77 at 4-8. Plaintiff argues that the discovery analysis should focus on federal law and that a federal judge should not rely on a "simple direct application" of state statutes or privileges, especially in a civil rights case. *Id.* at 4-5. Plaintiff asserts that to find otherwise would incentivize state legislatures to pass laws narrowing the evidence available to plaintiffs bringing federal claims against state and local authorities. *Id.* at 5.

The Court need not to reach plaintiff's broader arguments regarding perverse incentives; however, the Court finds that the magistrate judge's decision here was not based on the kind of "simple direct application" of state law of which plaintiff complains. Instead, the magistrate judge found that the state statute did not preclude him from ordering the disclosure of the hotline reports and that federal law would preempt state law on that issue. Docket No. 80 at 95:8-17. The magistrate judge went on to find, that in the absence of a conflict between state and federal law, he should consider the state law in making his decision. *Id.* The magistrate judge ultimately decided that, based on "significant privacy and public policy concerns," he would not order the disclosure of an

unredacted copy of the hotline reports.  Docket No. 76 at 3.  The Court finds that the magistrate judge's approach – considering, as a matter of comity, state concerns regarding disclosure of confidential hotline reports – is consistent with other rulings in the District of Colorado on this issue.  *See BPS v. Bd. of Trustees for Colo. Sch. for the Deaf and Blind*, No. 12-cv-02664-RM-KLM, 2014 WL 3732942, at *2 (D. Colo. July 29, 2014) (ruling that, in a child abuse case, "while federal law governs claims of privilege in this case, as a matter of comity, the Court takes into account the relevant Colorado statutes that [the El Paso County Department of Human Services] relies on in its Motion, specifically Colo. Rev. Stat. §§ 19-1-307 and 26-1-114.").  The Court therefore finds that the magistrate judge's decision to consider state law in reaching his conclusion was not clearly erroneous or contrary to law.

Plaintiff's second argument asserts that, even if it is permissible for a federal court to consider Colo. Rev. Stat. § 19-1-307, the statute does not prohibit the disclosure of the unredacted referral reports.  Plaintiff argues that, because the statute states that the information in the reports "shall be confidential and shall not be public information," Docket No. 77 at 8 (citing Colo. Rev. Stat. § 19-1-307(1)(a)), and the unredacted reports would be kept confidential and non-public by the protective order in this case, producing the reports would not violate state law.  *Id.*  Plaintiff does not cite any case law in support of this proposition.  Even if plaintiff is correct that the statute does not expressly bar production of the report subject to a protective order, it does not automatically follow that the magistrate judge was required to order CDHS to produce the reports.  Magistrate judges "enjoy broad discretion in the resolution of non-dispositive discovery disputes." *Bise v. Am. Family Ins. Co.*, 22-cv-03270-REB-KAS,

5

2024 WL 3023549, at *1 (D. Colo. May 7, 2024).  Here, the magistrate judge determined that disclosure of the document, at least at that point in the discovery process, was not appropriate.  Docket No. 76 at 3.  Whether or not state law would have permitted the disclosure, the Court finds that the magistrate judge's decision was within his discretion and was not clearly erroneous or contrary to law.

Plaintiff's third argument is that the magistrate judge clearly erred by not releasing the unredacted reports since there was "good cause" for releasing them.  Docket No. 77 at 8-10.   Plaintiff's argument relies on the text of Colo. Rev. Stat. § 19-1-307(1)(b), which states that "[d]isclosure of the name and address of the child and family and other identifying information involved in such reports shall be permitted only when authorized by a court for good cause."  *Id.*  Plaintiff argues that good cause exists because the redacted information in the reports is central to plaintiff's claims and that, without the unredacted copies, plaintiff's efforts to identify and interview potential witnesses will be stymied.  *Id.* at 9.  Plaintiff does not cite any case law in support of this argument, other than referencing a U.S. Supreme Court case for the broad proposition of a party's right to conduct discovery.  *See id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 506 (1947)).  CDHS responds that the plain language of Colo. Rev. Stat. § 19-1-307(1)(b) only provides for releasing information regarding the child and the child's family, not for releasing information regarding the reporting party.  Docket No. 83 at 5.  The Court does not need to interpret the exact scope of the statute; however, the Court reads the magistrate judge's order as finding that good cause did not exist for releasing the information.  The magistrate judge explained that he believed there were important privacy and public policy interests involved in protecting the identities of the reporting

6

parties. Docket No. 76 at 3. Moreover, the magistrate judge explained that plaintiff may be able to ascertain the identities of the reporting parties through the discovery process. *Id.* The Court finds that the magistrate judge determined that good cause did not exist regarding production of unredacted copies of the reports, and the Court finds that this determination by the magistrate judge was neither clearly erroneous nor contrary to law. *See Bise*, 2024 WL 3023549, at *1.

The Court rejects each of the three arguments plaintiff has made for why an unredacted copy of the hotline reports should be released. The Court will therefore overrule plaintiff's objection.

## IV.  CONCLUSION

It is therefore

**ORDERED** that plaintiff's Objection, in Part, to Magistrate Judge's Order [Docket No. 77] is **OVERRULED**.

DATED May 19, 2025.

              BY THE COURT:

              PHILIP A. BRIMMER
              Chief United States District Judge